IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL HUDGINS, #233194 | : |
| Plaintiff | : |
| v. | : Civil No. L-09-634 |
| WARDEN | : |
| Defendant | : |

## MEMORANDUM

Michael D. Hudgins ("Hudgins"), a former Department of Public Safety and Correctional Services correctional officer, is an inmate housed on the protective custody tier at the Eastern Correctional Institution ("ECI"). Hudgins filed a court-construed 42 U.S.C. § 1983 civil rights Complaint contending that he is being double-celled at ECI "without consultation from the ECI psychology department" even though there is a psychology department recommendation from his previous place of confinement for single-cell housing. He further claims that his cellmate is a threat to his safety. Hudgins requests an immediate cell change.

Pending is Defendant's show cause response, construed as a motion for summary judgment.[1] The Court will dispense with a hearing. See Local Rule 105.6. (D. Md. 2008). For the reasons stated below, the Court will, by separate Order, GRANT the motion for summary judgment and dismiss the case.

### I.   BACKGROUND

---

[1] Hudgins was notified that the Court was re-characterizing the show cause response and advised of

Michael Hudgins ("Hudgins") is housed in a double cell in the protective custody unit at ECI. On March 9, 2009, the Court received a letter from Hudgins claiming that he is being double-celled with a known Black Gorilla Family gang member (Jerry Cowan) who has a "very danger[ous] criminal record and has killed two cell buddies in the past because of paranoia." Docket No. 1. Hudgins claims that Cowan has indicated that he does not like correctional officers or police, has stabbed correctional officers five times in the past, has been trying to goad Hudgins into a fight, and has stated that he is "going to start taking contracts on inmates on protective custody." Id. According to the attachments, Hudgins raised these same immediate concerns with the ECI Administrative Remedy Procedure ("ARP") Coordinator on February 25, 2009, only to have his remedy dismissed for procedural reasons, without any investigation, because he did not provide particular information as to who and when he previously reported his concerns in the protective custody housing unit. Id. at Attachment.

The letter was construed as a 42 U.S.C. § 1983 civil rights action, raising a failure-to-protect claim seeking injunctive relief. On March 13, 2009, counsel was directed to file a show cause response to the Complaint, addressing Hudgins' current cellmate status and what screening process occurred prior to assigning Hudgins a cellmate; the precise reasons why Hudgins was assigned to a single cell in 2004 and removed from such status in 2007; and what security measures are taken to ensure that any known enemies are kept separated from Hudgins. Docket No. 2. On April 13, 2009, a response was received for filing. Docket No. 3.

---

his right to file opposition materials. Docket Nos. 4 and 5. He has not filed a response.

**II.    DEFENDANT'S SHOW CAUSE RESPONSE (MOTION FOR SUMMARY JUDGMENT)**

   A.    STANDARD OF REVIEW

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c);  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the burden of showing that there is no genuine issue as to any material fact.  Additionally, no genuine issue of material fact will be found if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof.  See Celotex, 477 U.S. at 322-323.  Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

To allege a constitutional failure-to-protect claim, Hudgins must demonstrate the ways in which Defendant knew of and disregarded an excessive risk to Hudgins' health and safety. Defendant must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and must also draw the inference.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Thus, Defendant must have knowledge both of the risk of harm and also that his conduct is inappropriate in light of that risk.  See Rich v. Bruce, 129 F.3d 336, 339-40 (4th Cir. 1997).  Moreover, Hudgins must allege ways in which Defendant's actions (or inactions) resulted in "serious or significant physical or emotional injury."  De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003).

3

Further, under the law in this circuit, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that, he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  See <u>Winter v. Natural Resources Defense Council, Inc.</u>, ___ U.S. ___, 129 S.Ct. 365, 374-376 (2008).  The previous Fourth Circuit balance-of-hardship test set out in <u>Blackwelder Furniture Co. v. Seilig Manufacturing Co.</u>, 550 F.2d 189 (4th Cir. 1997) is no longer to be applied when granting or denying preliminary injunctions.  Rather, the standard articulated in <u>Winter</u> governs the issuance of such emergency relief.  See <u>Real Truth About Obama, Inc. v. Federal Election Com'n.</u>, 575 F. 3d 342, 346-47 (4th Cir. 2009).

B.      ANALYSIS

According to Defendant's unopposed materials, Hudgins was housed with Jerry Cowan from February 14, 2009, to March 23, 2009.   Docket No. 3 at Ex. 1.  Cowan was not listed as an enemy of Hudgins, but there is a "gang alert" regarding Cowan.  On March 23, 2009, Hudgins was transferred out of the cell with Cowan and into a cell with an inmate who has no enemy or gang alerts.   Defendant states that there is no additional information regarding a prior recommendation for Hudgins to receive single-cell housing, but new psychological personnel will be requested to review the matter.[2]

Based upon the briefing presented to the Court, including the Declaration of  ECI Case Management Supervisor Randall, Hudgins has failed to show that he will succeed on the merits

---

[2]      In <u>Hudgins v. Warden</u>, Civil Action No. L-09-02 (D. Md.) the record indicated that while there was a 2004 psychology order which recommended that Hudgins be single-celled, in November of 2007, a psychology associate had him removed from single-cell status after finding that the single-cell status was no longer necessary.  There is no current order in Hudgins' psychology file for him to be single-celled.

of his case and that he is subject to immediate and irreparable harm if emergency relief is not granted.  There is no demonstration of deliberate indifference on the part of ECI staff.   Hudgins is housed on protective custody  and,  according to Defendant, Hudgins' custody record and OBSCIS enemy list is screened prior to housing determinations to ensure that he is not placed at risk of harm.  Further, Hudgins has received the relief he seeks.   Indeed, 17 days after the filing of this Complaint, he was moved out of the cell he shared with Jerry Cowan.   Injunctive relief is not warranted and the case shall be dismissed

### III.    CONCLUSION

For the foregoing reasons, the Court will, by separate Order GRANT Defendant's court-construed motion for summary judgment and SHALL DISMISS the Complaint.

Dated this  6th day of October 2009.

/s/
_____
Benson Everett Legg
Chief Judge